# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

**Stephen R. Ludwig, Clerk**                                **www.innd.uscourts.gov**

March 6, 2008

Clerk, U.S. District Court
USDC Northern District of Illinois
219 S Dearborn
Chicago, IL 60604

**FILED**

**MAR 1 1 2008**

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

re:    Jack Angelo Weisman
        Your case 08cr191

Dear Clerks Office:

        Pursuant to court order the file has been transferred to your court regarding Jack Angelo
Wiseman.

        Enclosed are certified copies of the indictment, judgment, sentencing memorandum and
deocket sheet.

        Please acknowledge receipt of these materials on the enclosed copy of this letter, which we
request you return to this office.

                        Sincerely,

                        STEPHEN R. LUDWIG, CLERK

                                s/kschwenk
                        By: _____

                        Deputy Clerk
                        **South Bend Division**

**Northern District of Illinois - Chicago**
**Date Rec'd _____**

Reply to South Bend Office

1108 E. Ross Adair Federal Bldg. • 1300 S. Harrison Street • Fort Wayne, Indiana 46802 • (260) 423-3000 • Fax (260) 423-3007
5400 Federal Plaza • Suite 2300 • Hammond, Indiana 46320 • (219) 852-6500 • Fax (219) 852-6509
102 Robert A. Grant Federal Bldg. • 204 South Main Street • South Bend, Indiana 46601 • (574) 246-8000 • Fax (574) 246-8002
214 Charles Halleck Federal Bldg. • 230 North Fourth Street • P.O. Box 1498 • Lafayette, Indiana 47902 • (765) 420-6250 • Fax (765) 420-6273



# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS 60604

**MICHAEL W. DOBBINS**

*FILED*

312-435-5698

2008 MAR -5 AM 11:58

STEPH... ...CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

**March 3, 2008**

Indiana Northern District Court
102 Robert A. Grant Federal Bldg.
204 South Main Street
South Bend, IN 46601

Dear Clerk:

**Re:**    US v Weisman Your case number 03 cr 63

Our case number:    **08 CR 191    - Northern District of Illinois**

Dear Clerk:

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding Jack Angelo Weisman, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address. Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by:    Laura Springer

Deputy Clerk

Enclosure

TERMED

# U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (South Bend)
## CRIMINAL DOCKET FOR CASE #: 3:03-cr-00063-RLM-3

Case title: USA v. Gibbs, et al                   Date Filed: 06/19/2003
                                                  Date Terminated: 04/14/2004

---

Assigned to: Judge Robert L Miller
Jr


**Defendant (3)**

**Jack Angelo Weisman**          represented by  **Jack Friedlander**
*TERMINATED: 04/15/2004*                         Law Office of Jack
                                                 Friedlander - Chi/IL
                                                 327 S Plymouth Court
                                                 Suite 200
                                                 Chicago, IL 46320
                                                 312-427-7700
                                                 Fax: 312-427-3777
                                                 Email:
                                                 jack@jackfriedlander.com
                                                 *TERMINATED: 04/15/20*

                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE*
                                                 *NOTICED*
                                                 *Designation: Retained*

                                                 **William L Brown, Jr**
                                                 Law Office of Jack
                                                 Friedlander - Ham/IN
                                                 517 N Main Street

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I Certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK

By
                    DEPUTY CLERK
Date 3/6/08

Crown Point, IN 46307
219-226-9504
Fax: 219-226-9506
Email:
office@jackfriedlander.co

*TERMINATED: 04/15/20*

*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*
*Designation: Retained*

## Pending Counts

18:922(a)(6)
IMPORTING/MANUFACTURING
FIREARMS; 18:2 AIDING &
ABETTING
(3)

## Disposition

defendant sentenced to a
term of imprisonment of
months, with the term to
served consecutive to any
discharged term of
imprisonment imposed by
the Lake County, Indiana
Superior Court in Cause
Nos. 45G02-0009-CF-20
and 207, to be followed b
a 3 year supervised releas
term, with conditions

## Highest Offense Level (Opening)

Felony

## Terminated Counts

18:922(a)(6)
IMPORTING/MANUFACTURING
FIREARMS; 18:2 AIDING &
ABETTING
(1-2)

## Disposition

dismissed on government
motion

18:922(n) TRANSPORT
FIREARMS INTERSTATE BY
FELON
(4)

dismissed on government
motion

**Highest Offense Level
(Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Miscellaneous Party**

| **Jack Angelo Weisman** | represented by | **Jack Angelo Weisman**<br>07661-027<br>USP McCreary<br>PO Box 3000<br>Pine Knot, KY 42635<br>PRO SE |
|---|---|---|

**Plaintiff**

| **United States of America** | represented by | **Kenneth M Hays - AUSA**<br>US Attorney's Office - SB/IN<br>M01 Federal Building<br>204 S Main Street<br>South Bend, IN 46601-2191<br>574-236-8287<br>Fax: 574-236-8155<br>Email:<br>kenneth.hays@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE*<br>*NOTICED* |
|---|---|---|

**Nicholas J Padilla - AUSA**
US Attorney's Office -
Ham/IN
5400 Federal Plaza Suite
1500
Hammond, IN 46320
219-937-5500
Fax: 219-852-2770
Email:
nick.padilla@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/19/2003 | 1 | INDICTMENT by USA. Counts filed against Jason Wayne Gibbs (1) count(s) 1-2, Dexter W Betts (2) count(s) 3, 5, Jack Angelo Weisman (3) count(s) 1-2, 3, 4 (smp) (Entered: 06/20/2003) |
| 06/19/2003 | 2 | PRAECIPE for warrant for arrest of Jason Wayne Gibbs: by plaintiff USA (smp) (Entered: 06/20/2003) |
| 06/19/2003 | 3 | PRAECIPE for warrant for arrest of Dexter W Betts: by plaintiff USA (smp) (Entered: 06/20/2003) |
| 06/19/2003 | 4 | PRAECIPE for warrant of arrest of Jack Angelo Weisman: by defendant Jack Angelo Weisman (smp) (Entered: 06/20/2003) |
| 06/19/2003 | | ARREST Warrant issued for Jack Angelo Weisman by Mag Judge Andrew P. Rodovich (smp) (Entered: 06/20/2003) |
| 07/11/2003 | 18 | ORDER ON DISCOVERY by Mag Judge Christopher A. Nuechterlein as to Jason Gibbs Number of pages: 6 (cc: all counsel) (slm) (Entered: 07/11/2003) |

| 07/15/2003 | 19 | PETITION FOR WRIT HCAP by plaintiff USA to produce Jack Angelo Weisman (jld) (Entered: 07/17/2003) |
| 07/15/2003 | 20 | WRIT HCAP issued by Mag Judge Andrew P. Rodovich granting motion PETITION FOR WRIT HCAP [19-1] as to Jack Angelo Weisman (cc: AUSA, 3-cert USM) (jld) (Entered: 07/17/2003) |
| 07/18/2003 | 22 | ORDER ON DISCOVERY by Mag Judge Christopher A. Nuechterlein as to Dexter Betts (2) Number of pages: 6 (cc: all counsel) (slm) (Entered: 07/18/2003) |
| 08/04/2003 | 23 | APPEARANCE for defendant Jack Angelo Weisman by Attorney Jack Friedlander (slm) (Entered: 08/04/2003) |
| 08/04/2003 | 24 | APPEARANCE for defendant Jack Angelo Weisman by Attorney William L Brown Jr (slm) (Entered: 08/04/2003) |
| 08/04/2003 | 25 | INITIAL APPEARANCE/ARRAIGNMENT held on 8/4/03 before Mag Judge Christopher A. Nuechterlein of Jack Angelo Weisman (3)w/counsel, William Brown; AUSA, Nicholas Padilla; dft adv of const rights, charges and poss penalties; Dft ARRAIGNED, NOT GUILTY PLEA entered; Govt moves for detention; dft waives detention hearing and stipulates to detention; defendant remanded to custody of IN/AG or his designee; pretrial motions due on 8/25/03 for Jack Angelo Weisman ;jury trial set for 9:30 9/15/03 for Jack Angelo Weisman before Chief Judge Robert L. Miller Jr (slm) (Entered: 08/04/2003) |
| 08/04/2003 | 26 | ORDER ON DISCOVERY by Mag Judge Christopher A. Nuechterlein as to Jack Weisman (3) Number of pages: 7 (cc: all counsel) (slm) (Entered: 08/04/2003) |
| 08/05/2003 | 27 | ORDER of Detention by Mag Judge Christopher A. Nuechterlein as to Jack Angelo Weisman (cc: all counsel,USPO,USM) (slm) (Entered: 08/06/2003) |

| 08/25/2003 | 28 | MOTION to extend time to file discovery motions and to continue the trial currently set for 9/15/03 by Jack Angelo Weisman (jld) (Entered: 08/28/2003) |
| 08/25/2003 | 33 | MOTION to extend time to file discovery motions and to continue trial currently set 9/15/03 by Jack Angelo Weisman (jld) (Entered: 08/29/2003) |
| 08/28/2003 | 31 | NOTICE before Chief Judge Robert L. Miller Jr: hearing hearing on defendant's motion requesting additional time to file discovery and to continue trial set for 1:30 9/10/03 for Jack Angelo Weisman(03) (cc: AUSA, USM, USPO, Friedlander/Brown Jr., Weisman) (arl) (Entered: 08/28/2003) |
| 09/10/2003 | 37 | MOTIONS HEARING as to defendant Jack Angelo Weisman(03) held 9/10/03 before Chief Judge Robert L. Miller Jr: parties present; hearing on defendant's motion to extend pretrial motions deadline and to continue the 9/15/03 jury trial date; government and defendant do not object to the continuance motion and government does not object to extending the pretrial motions deadline; court GRANTED defendant's motion to extend time to file discovery motions [28-1] and [33-1] and GRANTED defendant's motion to continue the trial currently for 9/15/03 [28-2] and [33-2] pretrial motions due on 10/10/03 for Jack Angelo Weisman(03); jury trial (3days) continued to 9:30 11/10/03 for Jack Angelo Weisman(03) before Chief Judge Robert L. Miller Jr Bonk, crt rptr. (cc: AUSA, USM, USPO, Friedlander/Brown Jr., Weisman) (arl) (Entered: 09/10/2003) |
| 10/08/2003 | 38 | ARREST Warrant returned executed as to Jack Angelo Weisman on 8/4/03 (jld) (Entered: 10/09/2003) |
| 10/29/2003 | 39 | NOTICE before Chief Judge Robert L. Miller Jr: status hearing set for 1:30 11/5/03 for Jack Angelo Weisman(03) (cc: AUSA, USM, USPO, Weisman, |

| | | |
|---|---|---|
| | | Friedlander/Brown) (arl) (Entered: 10/29/2003) |
| 10/30/2003 | 40 | NOTICE before Chief Judge Robert L. Miller Jr: status hearing date of 11/5/03 is hereby VACATED with a new date (cc: AUSA, USM, USPO, Friedlander/Brown, Weisman) (arl) (Entered: 10/30/2003) |
| 11/03/2003 | ❂41 | JOINT MOTION to Continue Trial currently set 11/10/03 at 9:30 (South Bend time)by United States of America, Jack Angelo Weisman as to Jack Angelo Weisman. (jld, ) (Entered: 11/05/2003) |
| 11/07/2003 | ❂42 | NOTICE OF HEARING ON MOTION as to Jack Angelo Weisman(3) Hearing on Joint Motion to Continue trial set for 11/14/2003 03:30 PM in South Bend before Judge Robert L Miller Jr. (arl) (cc: AUSA/HMD,USM, USPO, Friedlander/Brown, Weisman) (Entered: 11/07/2003) |
| 11/14/2003 | ❂43 | Motion Hearing held 11/14/03 as to defendant Jack Angelo Weisman(03)before Judge Robert L Miller Jr: parties present; hearing on joint MOTION to Continue trial filed by United States of America, Jack Angelo Weisman(03); defendant does not object to the continuance and the court GRANTS the joint motion; Jury Trial (3days)continued from 11/10/03 to 1/20/2004 09:30 AM in South Bend before Judge Robert L Miller Jr. (Court Reporter D. Bonk.)(arl,) (cc: AUSA, USM, USPO, Friedlander/Brown, Weisman) (Entered: 11/17/2003) |
| 11/14/2003 | ❂ | Docket Update information as to Jack Angelo Weisman(03): the court entered an ends of justice finding pursuant to 18 USC 3161(h)(8) during the motion hearing held 11/14/03(arl, ) (Entered: 11/17/2003) |
| 11/26/2003 | ❂49 | JOINT MOTION for Expedited Guideline Calculation by Jack Angelo Weisman. (jld) (Entered: 12/02/2003) |
| | | |

| 12/16/2003 | ●55 | NOTICE as to defendant Jack Angelo Weisman(03): Jury Trial (3days) reset from 1/20/04 to 1/21/2004 09:30 AM in South Bend before Judge Robert L Miller Jr. (arl,) (cc: AUSA-Hammond, USM, USPO, Friedlander/Brown Jr., Weisman) (Entered: 12/17/2003) |
|---|---|---|
| 01/13/2004 | ●60 | CHANGE OF PLEA HEARING before Chief Judge Robert L Miller Jr:Change of Plea Hearing as to Jack Angelo Weisman(3) held on 1/13/2004; parties present; defendant advised of possible penalties and of his constitutional rights; Plea entered by Jack Angelo Weisman (3) Guilty as to Count 3 and the court ACCEPTS the guilty plea and Defers acceptance of the plea agreement; Counts 1,2 and 4 to be dismissed at sentencing; 49 MOTION to Expedite filed by Jack Angelo Weisman TERMED due to guilty plea; Sentencing hearing set for 4/14/2004 09:00 AM in South Bend before Chief Judge Robert L Miller Jr.; jury trial date of 1/22/04 is hereby VACATED.(Court Reporter D. BonK.) (arl,) ( cc: AUSA, USM, USPO, Brown/Friedlander) (Entered: 01/13/2004) |
| 01/13/2004 | ●61 | Petition to Enter a Guilty Plea on count 3 as to Jack Angelo Weisman(03) (arl, ) (Entered: 01/13/2004) |
| 04/06/2004 | ●63 | MOTION for Downward Departure *Pusuant to U.S.S.G. Section 3E1.1(b)* by United States of America as to Jack Angelo Weisman. (Padilla, Nicholas) (Entered: 04/06/2004) |
| 04/06/2004 | ●64 | Certificate of Service by United States of America as to Jack Angelo Weisman re 63 MOTION for Downward Departure *Pusuant to U.S.S.G. Section 3E1.1(b)* (Padilla, Nicholas) Additional attachment(s) added on 4/6/2004 (plm, ). (Entered: 04/06/2004) |
| 04/14/2004 | ●65 | SENTENCING HEARING as to defendant Jack Angelo Weisman (03) held before Chief Judge Robert L Miller Jr :Sentencing held on 4/14/2004 for Jack |

| | | |
|---|---|---|
| | | Angelo Weisman (03); parties present; no objections to the presentence report; court ACCEPTS the plea agreement; court hears from parties prior to sentence; defendant request to have this sentence served concurrently with defendant's present sentence in the Lake County, Indiana Superior Court is DENIED; no objections to the proposed sentence; on Count) 3, defendant sentenced to a term of imprisonment of 41 months, with the term to be served consecutive to any discharged term of imprisonment imposed by the Lake County, Indiana Superior Court in Cause Nos. 45G02-0009-CF-206 and 207, to be followed by a 3 year supervised release term, with conditions; defendant to pay a $100 special assessment due immediately and made payable to Clerk,U.S. District Court; defendant remanded to the custody of USM/SB. (Court Reporter D. Bonk.) (arl, ) (Entered: 04/20/2004) |
| 04/14/2004 | 66 | SENTENCING MEMORANDUM as to Jack Angelo Weisman (03). Signed by Chief Judge Robert L Miller Jr on 4/14/04. (arl, )(cc: AUSA, USM, USPO, Brown Jr., Weisman, order book) (Entered: 04/20/2004) |
| 04/15/2004 | 67 | JUDGMENT as to Jack Angelo Weisman (3); counts 1,2 and 4 dismissed on government motion; see minute entry for further sentencing information. Signed by Chief Judge Robert L Miller Jr on 4/15/04. (arl, )(cc: AUSA, USM, USPO, Brown Jr., Weisman, order book) (Entered: 04/20/2004) |
| 05/20/2005 | 70 | Judgment Returned Executed as to Jack Angelo Weisman on 5/13/05. Delivered to USP McCreary, Pine Knot, KY. (smp) (Entered: 05/23/2005) |
| 05/25/2005 | 71 | Letter from Jack A. Weisman requesting a copy of the docket sheet. Copy sent. (jld) (Entered: 05/25/2005) |
| 06/06/2005 | 72 | Letter from Jack Angelo Weisman re: Credit for Time Served: 7/22/03 - 5/29/04. (jld) (Entered: 06/07/2005) |
| | | |

| 06/09/2005 | ❏73 | ORDER as to Jack Angelo Weisman DENYING 72 request for numc pro tunc disposition. Signed by Judge Robert L Miller Jr on 6/9/05. (jld) (Entered: 06/09/2005) |
|---|---|---|
| 02/20/2008 | ❏98 | ORDER as to Jack Angelo Weisman transferring jurisdiction to Northern District of Illinois (Chicago). Signed by Judge Robert L Miller Jr on 2/20/08. (kds) (Entered: 02/22/2008) |
| 02/22/2008 | ❏99 | Letter from USDC South Bend to USDC Northern District of Illinois (Chicago) re: transfer of probation. (kds) (Attachment(s) added on 2/22/2008: # 1 letter) (kds). (Entered: 02/22/2008) |
| 03/03/2008 | ❏100 | Probation Jurisdiction Transferred to Northern District of Illinois (Chicago) as to Jack Angelo Weisman. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. Signed by James Holderman on 2/27/08 (kds) (Entered: 03/04/2008) |
| 03/05/2008 | ❏101 | Letter from USDC Northern District of IL with certified copy of transfer of jurisdiction (see 100 ) (kds) (Entered: 03/06/2008) |
| 03/06/2008 | ❏102 | Letter from USDC to USDC Chicago Division re: sending copies of certified indictment, sentencing memorandum, judgment and committment and docket sheet. (kds) (Entered: 03/06/2008) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| | ) Cause No. |
| | ) |
| v. | ) 18 U.S.C. § 2 |
| | ) 18 U.S.C. § 922 (a)(6) |
| JASON WAYNE GIBBS | ) 18 U.S.C. § 922 (g)(1) |
| DEXTER W. BETTS A/K/A WAYNE | ) 18 U.S.C. § 922 (n) |
| PEARSON | ) |
| JACK ANGELO WEISMAN | ) |

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I Certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK**

By _____
DEPUTY CLERK    3/6/08

**THE GRAND JURY CHARGES:**

**COUNT 1**

On or about June 7, 2001, in the Northern District of Indiana,

**JASON WAYNE GIBBS and JACK ANGELO WEISMAN,**

defendants herein, did knowingly and with intent to deceive make false statements and

representations regarding a material fact with respect to the lawfulness of the sale of firearms from

Westforth Sports, Inc., a federally licensed firearms dealer, in that the defendants did execute a

Department of the Treasury, BATF Form 4473 Firearms Transaction Record, to the effect that Jason

Wayne Gibbs represented himself as the actual purchaser of three firearms, being one (1) Intratec

9 millimeter, model AB10, pistol bearing serial number AO62555; one (1) Intratec 9 millimeter,

model AB10, pistol bearing serial number AO62596; and one (1) Smith and Wesson 40 caliber,

model SW40v, pistol bearing serial number PAP6365, whereas in truth and in fact, he well knew that

he was purchasing said firearms for JACK ANGELO WEISMAN, who had selected the firearms and

paid him for said firearms prior to said purchase;

In violation of Title 18, United States Code, Sections 2 and 922(a)(6).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 2</u>

On or about June 23, 2001, in the Northern District of Indiana,

**JASON WAYNE GIBBS and JACK ANGELO WEISMAN,**

defendants herein, did knowingly and with intent to deceive make false statements and representations regarding a material fact with respect to the lawfulness of the sale of firearms from Midwest Gun Exchange, Inc., a federally licensed firearms dealer, in that the defendants did execute a Department of the Treasury, BATF Form 4473 Firearms Transaction Record, to the effect that Jason Wayne Gibbs represented himself as the actual purchaser of two firearms, being one (1) Intratec 9 millimeter, model AB10, pistol bearing serial number AO46622; and one (1) Smith and Wesson .40 caliber, model SW40v, pistol bearing serial number PBC9626, whereas in truth and in fact, he well knew that he was purchasing said firearms for Jack Angelo Weisman, who had selected the firearms and paid him for said firearms prior to said purchase;

In violation of Title 18, United States Code, Sections 2 and 922(a)(6).

2

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 3</u>

On or about July 10, 2001, in the Northern District of Indiana,

**DEXTER BETTS A/K/A WAYNE PEARSON and JACK ANGELO WEISMAN,**

defendants herein, did knowingly and with intent to deceive make false statements and

representations regarding a material fact with respect to the lawfulness of the sale of firearms from

Westforth Sports Inc., a federally licensed firearms dealer, in that the defendants did execute a

Department of the Treasury, BATF Form 4473 Firearms Transaction Record, to the effect that Jason

Wayne Gibbs represented himself as the actual purchaser of four firearms, being one (1) Intratec 9

millimeter, model AB10, pistol bearing serial number AO62571; one (1) Intratec 9 millimeter, model

AB10, pistol bearing serial number AO62574; one (1) Intratec 9 millimeter, model AB10, pistol

bearing serial number AO62581; and one (1) Intratec .45 caliber, CAT45, pistol bearing serial

number 003347, whereas in truth and in fact, they well knew that he was purchasing said firearms

for Dexter W. Betts A/K/A Wayne Pearson and Jack Angelo Weisman, who had selected the

firearms and paid him for said firearms prior to said purchase;

In violation of Title 18, United States Code, Sections 2 and 922(a)(6).

3

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 4**</u>

On or about June 23, 2001, in the Northern District of Indiana,

**JACK ANGELO WEISMAN,**

defendant herein, having been under indictment on or about September 28, 2000, of a crime punishable by imprisonment for a term exceeding one year, said crime being the offense of Dealing in Cocaine, a Class A felony, in the Superior Court of Lake County, Indiana, under Cause Number 45G02-0009-CF-00207, did knowingly receive in and affecting commerce a firearm, being a Smith and Wesson .40 caliber, model SW40v, pistol bearing serial number PCB9626;

In violation of Title 18, United States Code, Section 922(n).

4

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 5

On or about July 10, 2001, in the Northern District of Indiana,

### DEXTER W. BETTS A/K/A WAYNE PEARSON,

defendant herein, having been convicted on or about July 22, 1996 of a crime punishable by

imprisonment for a term exceeding one year, said crime being the offense of Burglary in the Circuit

Court of Cook County, Illinois, in Cause Number 96CR1275501, did knowingly possess in and

affecting interstate commerce a firearm to wit:  one (1) Intratec 9 millimeter, model AB10, pistol

bearing serial number AO62571; one (1) Intratec 9 millimeter, model AB10, pistol bearing serial

number AO62574; one (1) Intratec 9 millimeter, model AB10, pistol bearing serial number

AO62581; and one (1) Intratec .45 caliber, CAT45, pistol bearing serial number 00347;

In violation of Title 18, United States Code, 922(g)(1).


A TRUE BILL:


F(


JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

By: _____
NICHOLAS J. PADILLA
SPECIAL ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

I Certify that the foregoing is a true copy of the original on file in this court and cause.

STEPHEN R. LUDWIG, CLERK

By_____
DEPUTY CLERK
Date____3/6/08_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:03-CR-63 RM |
| | ) | |
| JACK A. WEISMAN (03) | ) | |

### SENTENCING MEMORANDUM

Jack Weisman has pleaded guilty to Count 3 of a five-count indictment charging him with the fraudulent purchase of a firearm in violation of 18 U.S.C. § 922(a)(6). On July 10, 2001, Mr. Weisman and his co-defendant Dexter Betts had another individual, who (unknown to Mr. Weisman and Mr. Betts) was working as an informant for the Bureau of Alcohol, Tobacco, and Firearms, purchase four firearms. The informant stated on each form that he was the purchaser, when the true purchasers were Mr. Weisman and Mr. Betts. Mr. Weisman's felony record made him ineligible to purchase firearms from a licensed dealer.

Neither side objected to any provision of the presentence report. The court adopts as its own findings ¶¶ 1-140 of the presentence report, specifically including ¶¶ 100-127 concerning the defendant's financial condition and earning ability. The court employs the 2001 version of the Sentencing Guidelines.

Because Mr. Weisman was a prohibited person at the time of the instance offense,[1] the base offense level for his offense is 14, U.S.S.G. § 2K2.1(a)(6)(A), which is increased five levels, to 19, because his criminal activity included the acquisition of twenty-seven firearms.[2] U.S.S.G. § 2K2.1(b)(1)(E). Mr. Weisman's offense level is reduced by two levels, and by an additional level pursuant to the government's motion, for his clear and timely acceptance of responsibility, U.S.S.G. § 3E1.1(a) & (b), to a final offense level of 16.

Mr. Weisman has twelve criminal history points: one point for his 1998 conviction in Cook County, Illinois, for unlawful damage to a motor vehicle; one point for a 1998 conviction for possession of cannabis in Cook County, Illinios; one point for criminal trespass to state supported land in 1998 in Cook County, Illinois; one point for a 1999 conviction in Cook County, Illinois, for possession of firearm ammunition without identification; three points for two 2000 Lake County, Indiana, convictions for dealing cocaine; three points for a 2001 conviction in Cook County, Illinois, for possession of a controlled substance, and two points are added because Mr. Weisman was on probation at the time of this offense, placing

---

[1] Mr. Weisman was a "prohibited person" at the time of this offense pursuant to 18 U.S.C. § 922(d)(1) because he was under indictment for an offense punishable by imprisonment for a term exceeding one year. At the time of the offense, two Class A felony charges for dealing cocaine were pending against him in the Lake Superior Court (Cause Nos. 45G02-0009-CF-206 and 45G02-0009-CF-207). Those charges resulted in concurrent 10-year sentences being imposed on July 25, 2001.

[2] In addition to the July 10, 2001 purchase referenced in Count 3, Mr. Weisman had Mr. Gibbs purchase firearms for him on May 22, May 23, May 24, June 5, June 6, June 11, June 14, June 15, June 19, June 20, June 22, and June 23, 2001.

him in criminal history category V, where a level 16 offender faces a sentencing range of 41 to 51 months' imprisonment. U.S.S.G. § 5A. The plea agreement requires the court to impose the minimum sentence within that range, or 41 months, and the court finds that sentence to be appropriate.

The statute and guidelines provide for a term of supervised release of at least two but not more than three years, 18 U.S.C. § 3583(b)(2); 5D1.2(a)(2), and the court finds, based on Mr. Weisman's criminal history and the fact that he was on probation from another court at the time of this offense, a term of three years is appropriate. Mr. Weisman is not eligible for probation, U.S.S.G. § 5B1.1(a), and, based on his financial condition, cannot pay the fines required by the sentencing guidelines. U.S.S.G. § 5E1.2(e). A special assessment of $100.00 is mandatory.

Accordingly, pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the defendant, Jack Weisman, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 41 months, with that term to be served consecutive to any undischarged term of imprisonment imposed by the Lake Superior Court in Cause Nos. 45G02-0009-CF-206 and 45G02-0009-CF-207.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

3

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall comply with the fifteen standard conditions of supervised release that have been adopted by this court, and shall comply with the following additional conditions:

(1) the defendant shall submit to one drug urinalysis within 15 days after being released on supervision and up to four periodic tests per month thereafter;

(2) the defendant shall not possess a firearm or destructive device;

(3)    the defendant shall participate in a drug aftercare treatment program, which may include urine testing, under a co-payment plan based on annual poverty guidelines established by the United States Department of Health and Human Services on a sliding scale basis, with the co-payment amount to not exceed an amount determined by the Probation Officer's Sliding Scale for Monthly Co-Payment.

Because the defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the sentencing guidelines, the court imposes no fine.

It is further ordered that the defendant shall pay to the United States a special assessment of $100.00, which shall be due immediately.

4

ENTERED: _April 14, 2004_

_[signature]_

Robert L. Miller, Jr., Chief Judge
United States District Court

cc:   N. Padilla
      W. Brown, J. Friedlander
      J. Weisman
      USPO
      USM

✎AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

NORTHERN District of INDIANA

UNITED STATES OF AMERICA
**v.**

JACK ANGELO WEISMAN

### JUDGMENT IN A CRIMINAL CASE

Case Number:       3:03-CR-00063(03)RM

USM Number:       07661-027

William L. Brown Jr.
Defendant's Attorney

## THE DEFENDANT:

X  pleaded guilty to count(s)     3

☐ pleaded nolo contendere to count(s)
     which was accepted by the court.

☐ was found guilty on count(s)
     after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:922(a)(6) and 18:2 | Fraudulent Purchase of a Firearm, Aiding and Abetting Therein. | 07-10-01 | 3 |

    The defendant is sentenced as provided in pages 2 through     5     of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X  Count(s)   1,2 and 4          ☐ is   X  are  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 14, 2004
Date of Imposition of Judgment

_signature_
Signature of Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
   I Certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK

By   _K Schwenk_
                    DEPUTY CLERK
Date   3/6/08

Robert L. Miller, Jr.
Name and Title of Judge

April 15, 2004
Date

67

AO 245B   (Rev. 12/03) Judgment in Criminal Case
          Sheet 2 — Imprisonment

| | |
|---|---|
| DEFENDANT: | JACK ANGELO WEISMAN |
| CASE NUMBER: | 3:03-CR-00063(03)RM |

Judgment — Page __2__ of __5__

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:      forty-one (41) months, with the term to be served consecutive to any undischarged term of imprisonment

imposed by the Lake County,  Indiana Superior Court in Cause Nos. 45G02-0009-CF-206 and 45G02-0009-CF-207

☐   The court makes the following recommendations to the Bureau of Prisons:

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ ☐ a.m.  ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 12/03) Judgment in a Criminal Case
             Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___5___

DEFENDANT:        JACK ANGELO WEISMAN
CASE NUMBER:      3:03-CR-00063(03)RM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :        three (3) years

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.   The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.

2.   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.

3.   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4.   The defendant shall support the defendant's dependents and meet other family responsibilities.

5.   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6.   The defendant shall notify the probation officer at least then (10) days prior to any change of residence or employment.

7.   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8.   The defendant shall not frequent places where controlled substances are illegally sold, used distributed, or administered, or other places specified by the court.

9.   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

10.  The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11.  The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

12.  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13.  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14.  The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

15.  The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

| | Judgment—Page | 4 | of | 5 |

DEFENDANT:          JACK ANGELO WEISMAN
CASE NUMBER:        3:03-CR-00063(03)RM

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a drug aftercare treatment program, which may include urine testing, under a co-payment plan based on annual poverty guidelines established by the United States Department of Health and Human Services on a sliding scale basis, with the co-payment amount to not exceed an amount determined by the Probation Officer's Sliding Scale for Monthly Co-Payment.

| | Judgment — Page ___5___ of ___5___ |
|---|---|

DEFENDANT:          JACK ANGELO WEISMAN
CASE NUMBER:        3:03-CR-00063(03)RM

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $  100.00 | $ | $ |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant shall make special assessment payment(s) payable to Clerk, U.S. District Court, 102 Robert A. Grant Federal Building, 204 S. Main Street, South Bend, Indiana 46601.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $_____ | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐  the interest requirement is waived for the    ☐ fine  ☐ restitution.

   ☐  the interest requirement for the    ☐ fine  ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.